DROUILLARD v. DETROIT UNITED RAILWAY.

MASTER AND SERVANT — CONTRIBUTORY NEGLIGENCE — PERSONAL INJURIES—STREET RAILWAYS.
  Plaintiff, a street car conductor, who was injured by the sudden starting of a car upon his adjusting the trolley to the wire, without first ascertaining, in the absence of the motorman, that the controller was turned off, having violated a rule of his employer, which required conductors to so ascertain, was guilty of contributory negligence.

Error to Wayne; Rohnert, J.    Submitted April 10, 1912.    (Docket No. 88.)    Decided May 31, 1912.

Case by Delphis Drouillard against the Detroit United Railway for personal injuries. A judgment for defendant upon a verdict directed by the court is reviewed by plaintiff on writ of error. Affirmed.

*Frank F. Bumps* (*Ormond F. Hunt*, of counsel), for appellant.

*Corliss, Leete & Joslyn* and *A. B. Hall*, for appellee.

MOORE, C. J. In September, 1908, while in the employ of defendant as a conductor, plaintiff was directed to take from the Warren avenue car house a car. He asked the car house foreman which car he should take out for his run. The foreman told him to take the car on track No. 7. After plaintiff received this direction, he went to track No. 7, untied the trolley pole which was tied down at the front end of the car, and turned the trolley around to the back end of the car. The car which plaintiff was to take out, and the one immediately behind it, were about five feet apart. He stepped on the fender of the rear car and adjusted the trolley to the wire. The instant the trolley touched the wire the car jumped back and injured the left leg of the plaintiff between the hip and knee. Suit was brought to recover damages for these injuries. No witnesses were sworn on the part of defendant. The trial judge directed a verdict in favor of the defendant. The case is brought here by writ of error.

It was the claim of the plaintiff, and he gave evidence tending to show, that the car house foreman was invested with complete control of the car house, car yard, and the cars therein placed from time to time; that he was invested with authority to order and direct conductors what cars to take out, and when to take them; that it was his duty, when he directed a conductor to take out a car, to see to it that the car was in a safe and proper condition to be taken out and that the apparatus in the motor end of the car was so adjusted that the current of electricity brought to said car by contact of the trolley with the over-

head wire above the car would not set the car in motion while the conductor was adjusting the trolley to the overhead wire preparatory to taking the car out of the yard. We quote from the brief:

" Plaintiff was entitled to go to the jury upon the question as to whether or not defendant was negligent in ordering plaintiff to take out the car in its then condition without previous inspection.   *   *   *

"(1) Upon the theory that the car house foreman was a vice-principal and represented the master in this respect.

"(2) Upon the ground that the matter of the safety of the materials and appliances could not be delegated by the principal to another so as to relieve the master of any defect or want of safety therein."

Before the claims can be properly understood, it is necessary to refer further to the record. The plaintiff had been in the employ of the defendant for a series of years as conductor. He was furnished with a copy of the rules and was familiar with them. Among them were the following:

" Rule 144. Whether going ahead or backing, do not attempt to place the trolley on the wire until car has been brought to a standstill. A trolley wheel should never be taken off or put on the trolley wire while the controller is turned on."

" Rule 148. You are required to exercise the greatest precaution when backing cars, to prevent injury to persons or damage to the car or overhead wires, and under no circumstances must the car be moved backward until the trolley rope has been untied and the conductor is on the rear platform holding it and in position to promptly signal to avoid collision."

" Rule 180. After running the car into the car house or yard, motorman must throw off the overhead switch, move reverse lever to the off position and release brake. Conductor will remove trolley from the wire and place it in the trough, or tie it clear of the wire; also see that all doors and windows are closed, and that fires are properly regulated before leaving the car."

The record shows that plaintiff did not wait for the ap-

pearance of the motorman before throwing the trolley against the live wire. It discloses that the switch in the front end of the car, which is operated by the motorman for the purpose of controlling the movements of the car, could be seen from the ground. The conductor made no effort to inform himself whether the overhead switch had been thrown off and the reverse lever had been put in the off position. The conductor knew that, if these things had not been done, the moment the trolley was put in place the car would do just what it did do. Without waiting for the motorman, and without informing himself whether it was safe to put the trolley against the wire, and in violation of the instructions contained in the rules, he put the trolley wheel against the wire, and the accident happened. Under these circumstances, we think it must be held that he was guilty of such contributory negligence as to preclude recovery.

Judgment is affirmed.

Steere, McAlvay, Brooke, Blair, Stone, and Ostrander, JJ., concurred. Bird, J., did not sit.